UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61296-CIV-DIMITROULEAS/SNOW

BURBERRY LIMITED, *et al.,*

    *Plaintiffs*,

v.

FCHYT, *et al.*,

    *Defendants*.                                    /

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT NUMBER 10

THIS CAUSE came before the Court on the Plaintiffs' Motion for Entry of Consent Final Judgment and Permanent Injunction as to Defendant [DE 42]. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

The Plaintiffs, Burberry Limited, a United Kingdom company, and Burberry Limited, a New York corporation (collectively "Plaintiffs"), and Defendant rambo_3c – Defendant Number 10 (Defendant) a/k/a Mao Yecheng (毛业成) ("Defendant"), stipulate and consent to the following:

**WHEREAS**, Defendant allegedly adopted and began using trademarks and/or designs in the United States that infringe the distinctive quality of at least one of the Plaintiffs' various registered trademarks identified in Paragraph 15 of the Amended Complaint [DE 15] and in Schedule "B" thereto (the "Burberry Marks") and/or Plaintiffs' registered copyrighted work as identified in Paragraph 15 of the Amended Complaint and in Schedule "B" thereto (the "Copyrighted Work") (collectively, the "Burberry Intellectual Property");

**WHEREAS,** Defendant's use of names, marks, and designs which incorporate one or more instances of the Burberry Intellectual Property is likely to cause confusion as to source or origin;

**WHEREAS**, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon the Plaintiffs' good faith prior use of the Burberry Intellectual Property, the Plaintiffs have superior and exclusive rights in and to the Burberry Intellectual Property and any confusingly similar names, marks, or designs.

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Plaintiffs' Motion [DE 42] is **GRANTED**. Final Judgment is entered in favor of the Plaintiffs and against Defendant.

2. Defendant and its directors, agents, representatives, subsidiaries, distributors, servants, employees and attorneys, and all persons acting in concert and participation with them are hereby permanently restrained and enjoined from:

   a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Burberry Intellectual Property;

   b. using the Burberry Intellectual Property in connection with the sale of any unauthorized goods;

   c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiffs;

   d. falsely representing Defendant as being connected with the Plaintiffs, through sponsorship or association;

   e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with the Plaintiffs;

    f.    using any reproduction, counterfeit, copy, or colorable imitation of the Burberry Intellectual Property in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

    g.    affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant as being those of the Plaintiffs or in any way endorsed by the Plaintiffs;

    h.    offering such goods in commerce and from otherwise unfairly competing with the Plaintiffs;

    i.    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Burberry Intellectual Property; and

    j.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

3.    The Plaintiffs shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

4.    This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5.    Each party shall bear its own attorney's fees and costs.

6.    This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

7.    PayPal, Inc. ("PayPal") shall (1) disburse the funds of Defendant restrained pursuant to the Sealed Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order, dated July 2, 2020 [DE 12] (the "TRO"), as directed by the Plaintiffs' counsel; (2) upon

transfer of the funds to the Plaintiffs as required herein, PayPal shall remove any restraints that were placed on Defendant's accounts pursuant to the TRO; and (3) return Defendant's accounts back to an unrestrained status in accordance with its operating procedures and contract for services with Defendant.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 14th day of October, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of Record